UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

v.

                                       Case No. 21-cr-20062

                                       District Judge Paul D. Borman

AHKENDER YOUNG,

     Defendant.                  /

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE

On May 13, 2021, this Court held a virtual ZOOM evidentiary hearing on

Defendant's Motion to Suppress Evidence Seized from Defendant.

The parties provided the Court with three relevant videos of the incident at

issue:

     1.     Detroit Police Officer David Taylor's body cam
               video.

     2.     Detroit Police Officer Javier Smith's body cam
               video.

     3.     The video from the pole cam located on the
               outside of the Sweetwater Tavern.

Because the Court viewed the videos prior to the hearing, the parties agreed

that the videos, which are part of the record, need not be played at the hearing.

Defendant contends that the police seized Defendant without justification:

that the Officer looked at Defendant, and without further reasons or basis,

concluded that he was carrying a gun, and that this guess does not suffice under the Supreme Court decision in *Terry v. Ohio*, 88 S.Ct. 1868 (1968), to wit: there was no reasonable suspicion to seize Mr. Young and then seize the gun.

The Government contended that this was a voluntary, consensual encounter between the police officers and Defendant Young, which ultimately created probable cause to arrest Defendant for carrying a concealed weapon without a concealed weapon permit.

## TESTIMONY

Detroit Police Officer David Taylor testified that he was a patrol officer in Downtown Detroit for four years, and one of his duties was to get illegally-possessed firearms off the streets. Officer Taylor testified that on September 2, 2020, 11:30 p.m., while on marked-scout car patrol with officer Javier Smith, he saw Defendant Young in front of the Sweetwater Tavern speaking to a lady. Other citizens were also present. Officer Taylor testified that when Defendant Young looked toward the police car, he turned away sideways--like he was trying to avoid any eye contact by "blading" to the right. Officer Taylor further elaborated on "blading"--turning away to where we wouldn't be able to see the right side of his body where the holster clip was located.

Officer Taylor testified that he exited the police car, as did Officer Smith, walked toward Young, and saw an inside gun holster clip on his belt, and the imprint of a gun butt.

Officer Taylor asked Defendant if he was carrying a firearm, and when Young said "yes," Taylor asked if Young had a concealed pistol license (CPL). Young said "no," stated that the open-carry law allows him to possess the gun.

Officer Taylor informed Defendant Young that he was not open carrying, but rather was carrying a concealed weapon, and therefore subject to arrest. Only at this point did Officer Taylor advise Young that he was going to approach him and remove the firearm for the officers' safety, and proceeded to remove the pistol and gave it to Officer Smith.

## DISCUSSION

Defendant Young has been indicted for the federal crime of felon in possession of a firearm, 18 U.S.C. § 922(g)(1). (ECF No. 12.)

Officer Taylor testified that he was 5-6 feet away from Defendant when he asked him about a gun, had never touched him, nor did Officer Smith, who was standing even further away from Young.

Officer Taylor stated that as he walked up to Defendant, he said "Let me talk to you Big Dog, you got a firearm?" in a regular conversational tone.

Officer Taylor explained that open-carry means that an individual has his firearm in an outside holster, where you would see the firearm.

The Court notes from the Sweetwater Tavern pole camera, that it was a well-lighted area.

## CONCLUSION

The Court concludes that Officer Taylor's testimony is credible and consistent with what is seen and recorded on the video cameras.

The Court concludes that Officer Taylor did not, as Defendant asserts, seize or arrest Defendant merely because he looked away, but rather walked up near Defendant, saw an inside holster clip on the outside of his belt, and the imprint of a gun under his clothing, which prompted his question to Defendant Young whether he was carrying a gun.

The Court concludes that there are no facts that require application of the reasonable suspicion concept in *Terry v. Ohio*, 88 S.Ct. 1868 (1968), because Defendant was engaged in a consensual encounter with the officer--no seizure by police before the consensual questioning and the admission by Defendant that he was carrying a gun. Indeed, Defendant appears to have felt assured that he was allowed to possess the firearm under the open-carry law. Unfortunately for Defendant, his knowledge of the law was incorrect, given the facts in this case--that the gun was not being "open-carry," but rather it was concealed.

There was no physical contact or display of weapons or any other threatening action by the police officers when Taylor was initially speaking with Defendant.

In *Terry*, the officer took hold of the defendant and then patted him down. In the instant case, neither officer touched the Defendant nor patted him down until after the consensual conversation produced information from Defendant that he possessed a concealed weapon.

Justice White, concurring in *Terry*, noted that "There is nothing in the Constitution which prevents a policeman from addressing questions to anyone on the streets."

Thus, in the instant case, there was no seizure, no application of force, no intimidating movement, no overwhelming show of force, no brandishing of weapons, no threat, no command, and no authoritative tone of voice. *See, United States v. Drayton*, 536 U.S. 194 (2002).

This Court agrees with the reasoning set forth by District Judge David Lawson in *United States v. Bridges*, 2016 WL 3922354 (7/21/2016); the initial encounter between the officer and the defendant was a consensual encounter which is permitted without any particular suspicion because no Fourth Amendment

seizure has occurred, citing *United States v. Alston*, 375 F.3d 408, 411 (6th Cir. 2004).

Accordingly, the Court DENIES Defendant's Motion to Suppress.

SO ORDERED.

DATED:  May 20, 2020                    s/Paul D. Borman
                                        PAUL D. BORMAN
                                        UNITED STATES DISTRICT JUDGE